1  Ryan J. Casamiquela (Bar No. 228559)
   Ryan.Casamiquela@arnoldporter.com
2  Estayvaine Bragg (Bar No. 341400)
   Estayvaine.Bragg@arnoldporter.com
3  **ARNOLD & PORTER KAYE SCHOLER LLP**
4  Three Embarcadero Center, 10th Floor
   San Francisco, CA 94111-4024
5  Telephone:     (415) 471-3100
   Facsimile:      (415) 471-3400
6

7  Nicholas Lee (Bar No. 259588)
   Nicholas.Lee@arnoldporter.com
8  **ARNOLD & PORTER KAYE SCHOLER LLP**
9  777 South Figueroa St., 44th Floor
   Los Angeles, CA 90017-5844
10 Telephone:     (213) 243-4000
   Facsimile:      (213) 243-4199
11

12 Attorneys for Plaintiff GOOGLE LLC

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16

17 GOOGLE LLC,                              Case No.

18                    Plaintiff,           **GOOGLE LLC'S COMPLAINT FOR
                                            DECLARATORY JUDGMENT OF NON-
19          v.                              INFRINGEMENT**

20 EYESMATCH LTD.,

21                    Defendant.           **JURY TRIAL DEMANDED**

22

23

24

25

26

27

28

Plaintiff Google LLC ("Google") files this Complaint for Declaratory Judgment of Non-Infringement against Defendant EyesMatch Ltd. ("EyesMatch") and in support of its Complaint alleges as follows:

## NATURE OF ACTION

1.      This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2.      On August 8, 2023, in *EyesMatch Ltd. v. Samsung Electronics Co., Ltd. et al*., Case No. 2:23-cv-00363, EyesMatch filed a complaint in the Eastern District of Texas (the "Texas Complaint") for patent infringement against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively, "Samsung").

3.      Google is not named as a defendant in the Texas Complaint.  However, in the Texas Complaint, in addition to Samsung's native application, EyesMatch alleges that the "preinstalled Google Meet application (formerly Google Duo)" on certain Samsung devices infringes U.S. Patent Nos. 8,982,109 ("the '109 patent") and 8,982,110 ("the '110 patent") (collectively "Patents-in-Suit"). Specifically, EyesMatch identifies functionality relating to the automatic framing of a user during a video call on the Google Duo and/or Google Meet application (collectively, "Google Meet application") as allegedly infringing the Patents-In-Suit.  On April 24, 2024, EyesMatch served Google in California with a subpoena requesting the production in California of documents and source code relating to the Google Meet application.

4.      EyesMatch's actions place a cloud of uncertainty on the commercial use of the Google Meet application; threaten Google's business and relationships with its customers and partners; and create a justiciable controversy between Google and EyesMatch.  As the supplier of the Google Meet application, Google has an economic interest in the Google Meet application and its use on devices in the marketplace.  Google thus brings this action to obtain a declaratory judgment that Google does not infringe any claim of the Patents-in-Suit, directly or indirectly, literally, or under the doctrine of equivalents.

**THE PARTIES**

5.    Google is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

6.    On information and belief, Defendant EyesMatch is incorporated under the laws of the British Virgin Islands with its principal place of business at c/o Hermes Corporate Service (BVI) Ltd., 6th Floor, Waters Edge, Building 1, Wickham's Cay 2, Road Town, Tortola, British Virgin Islands.

**JURISDICTION AND VENUE**

7.    This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

8.    The Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.  For the reasons stated herein, EyesMatch has created a real, live, immediate, and justiciable case or controversy between EyesMatch and Google with regard to alleged infringement of claims within the Patents-in-Suit.

9.    This Court has personal jurisdiction over EyesMatch because EyesMatch has had continuous and systematic business contacts in this District, has purposely directed its business activities at residents of this District, and has conducted business activities in this District relating to the Patents-in-Suit.  On information and belief, EyesMatch has conducted business in this District through its commercial, licensing, and enforcement activities relating to the Patents-in-Suit.  EyesMatch licensed the Patents-in-Suit to Memomi Labs Inc. ("Memomi"), where Memomi was an exclusive licensee of the Patents-in-Suit.  Memomi's principal place of business was at 228 Hamilton Ave., Palo Alto, California, 94301.  On information and belief, the named inventors of the Patents-in-Suit, Messrs. Salvador Nissi Vilcovsky and Ofer Saban, have been the sole founders and sole executives of both EyesMatch and Memomi, operating both simultaneously and together as a unified entity and/or where Memomi and EyesMatch represent alter egos of one another.  On information and belief, at least one named inventor, Salvador Nissi Vilcovsky, has resided in this District and

COMPLAINT FOR DECLARATORY JUDGMENT

worked at 228 Hamilton Ave., Palo Alto, California, 94301 while performing job duties as an executive, managing the business activities for EyesMatch and Memomi.  On information and belief, EyesMatch and Memomi undertook efforts to commercialize products and to enforce the Patents-in-Suit from Palo Alto, California.  According to EyesMatch in its complaint in *EyesMatch Ltd. et al v. Facebook, Inc. et al.*, Case No. 1:21-cv-00111 (D. Del.), filed on January 28, 2021 against Facebook, Inc., Instagram, LLC, and WhatsApp Inc., EyesMatch alleges that products from its Palo Alto, California-based business have been marked with the Patents-in-Suit and have been deployed by Sam's Club, Walmart, Neiman Marcus, among other retailers.  Both EyesMatch and exclusive licensee Memomi settled their dispute in *EyesMatch Ltd. et al v. Facebook, Inc. et al.*, Case No. 1:21-cv-00111 (D. Del.), and on information and belief, EyesMatch has conducted business in this District through its licensing and enforcement efforts related to the Patents-In-Suit involving Facebook, Inc., Instagram, LLC, and WhatsApp Inc., each of which EyesMatch admits has their principal place of business in this District.  Accordingly, EyesMatch has had continuous and systematic contacts with this District, has purposely directed its business activities at residents of this District, and has conducted business activities in this District relating to the Patents-in-Suit, including in terms of commercial, licensing, and enforcement activities.

10.    Further, this Court has personal jurisdiction over EyesMatch for another reason: EyesMatch has purposefully directed enforcement activities at Google in this District relating to the Patents-in-Suit, knowing the intended effects of its activities would be felt by Google in this District.  Specifically, EyesMatch has directed enforcement activities by way of its prosecution of infringement claims, including by its Texas Complaint, infringement contentions, and subpoena to Google in this District.  In its Texas Complaint against Samsung, EyesMatch purposefully directed enforcement activities at Google by predicating alleged infringement of the Patents-In-Suit on functionality of the Google Meet application on Samsung devices.  In particular, EyesMatch's infringement contentions identified Google Meet functionality on certain Samsung devices as infringing six claims of the '109 patent and eleven claims of the '110 patent.  On April 24, 2024, EyesMatch served a subpoena on Google in this District requesting the production in this District of documents and source code related

1  to the accused functionality within the Google Meet application.  As such, EyesMatch undertook

2  intentional actions that were expressly aimed at Google in this District related to the Patents-In-Suit,

3  and knew its enforcement acts against Google products would be felt by Google in this District.

4  EyesMatch's enforcement acts require Google to respond and take action to protect Google's business

5  as a supplier of the Google Meet application, which is used with various devices from electronic

6  device manufacturers, including Samsung and others.  Further, because EyesMatch's actions are

7  aimed at affecting Google's business in this District, the claim arises out of and relates to activities in

8  this District.

9         11.    In addition, EyesMatch's Texas Complaint named as defendants and directly targeted

10  Samsung Research America, Inc., which is headquartered in this District, and Samsung Electronics

11  America, Inc., which has an office in this District.

12         12.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because

13  a substantial part of the events giving rise to Google's claim alleged in this Complaint occurred in

14  this District and Defendant EyesMatch is subject to this Court's personal jurisdiction.

15         13.    For the reasons stated herein, a substantial controversy exists between the parties

16  which is of sufficient immediacy and reality to warrant declaratory relief.

17                          **INTRADISTRICT ASSIGNMENT**

18         14.    This is an intellectual property action subject to district-wide assignment pursuant to

19  Local Rules 3-2(c) and 3-5(b).

20                             **THE PATENTS-IN-SUIT**

21         15.    On March 17, 2015, the United States Patent and Trademark Office (the "Patent

22  Office") issued the '109 patent, entitled "Devices, Systems and Methods of Capturing and Displaying

23  Appearances."  A true and correct copy of the '109 patent is attached as Exhibit 1. EyesMatch claims

24  to be the owner of all rights, title, and interest in the '109 patent.

25         16.    The '109 patent issued from U.S. Patent Application No. 13/843,001 filed on March

26  15, 2013.  On information and belief, as of the filing date of the '109 patent and through its issuance,

27  Messrs. Vilcovsky and Saban used a California-based patent attorney for prosecution.  On May 3,

28

- 5 -
COMPLAINT FOR DECLARATORY JUDGMENT

2013, a Power of Attorney was filed by the named inventors listing Joseph Bach.  On information and belief, Joseph Bach is located in this District at the law firm Womble Bond Dickinson (US) LLP.

17.    On March 17, 2015, the Patent Office issued the '110 patent, entitled "Method for Image Transformation, Augmented Reality, and Teleperence."  A true and correct copy of the '110 patent is attached as Exhibit 2.  EyesMatch claims to be the owner of all rights, title, and interest in the '110 patent.

18.    The '110 patent issued from U.S. Patent Application No. 14/253,831 filed on April 15, 2014.  On July 21, 2014, a Power of Attorney was filed by the named inventors listing Joseph Bach. On information and belief, as of the filing date of the '110 patent and through its issuance, Messrs. Vilcovsky and Saban used attorney Joseph Bach for patent prosecution, the same California-based patent attorney used for the prosecution of the '109 patent.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,982,109)

19.    Google repeats and realleges Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.    EyesMatch claims to own all rights, title, and interest in the '109 patent.

21.    In its Texas Complaint, EyesMatch alleges that Samsung "has committed acts of infringement by, among other things, marketing, distributing, selling, offering for sale, making, and/or using infringing products, including Samsung smartphones . . . with the Auto Framing feature of the native camera application and/or the preinstalled Google Meet application," and then EyesMatch identifies claim 1 of the '109 patent as allegedly infringed.

22.    Claim 1 of the '109 patent recites:

> A method for operating a system having a monitor, a camera, and a processor, so as to display a mirror-mimicking image on the monitor, by performing non-ordered steps comprising:
>
> obtaining a digital image from a camera;
>
> flipping the image about a vertical axis so as to reverse right and left sides of the image;
>
> applying a transformation mapping to the image to modify the image such that it appears to mimic a reflection of a mirror;

resizing the image to reduce variations caused by changes in object's distance to the camera;

displaying the image on the monitor after performing the flipping, transformation mapping, and resizing;

wherein the non-ordered steps are performed on a series of images of a live video feed from the camera;

determining distance to a user appearing in the live video feed; and,

varying rate at which the non-ordered steps are performed on the series of images according to the distance.

23.    The Google Meet application does not infringe claim 1 of the '109 patent because it does not practice every limitation required by claim 1.  Claim 1 is the only independent claim, and therefore, Google does not practice any claim of the '109 patent.  For example, claim 1 requires the step of "varying rate at which the non-ordered steps are performed on the series of images according to the distance."  Google does not perform "varying rate at which the non-ordered steps are performed on the series of images according to the distance."  For example, there is no varying of a rate "according to the distance" of a user.  The accused auto-framing functionality does not measure the distance of the user from the camera.   Further, the claim recites five "non-ordered steps comprising: obtaining a digital image," "flipping the image," "applying a transformation mapping," "resizing the image," and "displaying the image."  According to the claim, these steps are performed at a varying rate according to distance.  The Google Meet application does not perform any of these steps at a varying rate according to distance.

24.    Google, including its Google Meet application, has not infringed and does not infringe any claims of the '109 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents.  Google does not induce infringement of the '109 patent claims for at least the reasons stated above with respect to no underlying direct infringement of the '109 patent claims, and because Google has not acted with specific intent necessary for induced infringement.  Google does not contributorily infringe the claims of the '109 patent for at least the reasons stated above with respect to no underlying direct infringement of the '109 patent claims, and because Google has not acted with specific knowledge of infringement.

COMPLAINT FOR DECLARATORY JUDGMENT

25.    As set forth above, there exists an actual controversy between Google and EyesMatch with respect to alleged infringement of the '109 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights regarding the claims of the '109 patent.

26.    Google seeks a judicial determination that Google has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the '109 patent.

## COUNT TWO

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,982,110)**

27.    Google repeats and realleges Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.    EyesMatch claims to own all rights, title, and interest in the '110 patent.

29.    In its Texas Complaint, EyesMatch alleges that Samsung "has committed acts of infringement by, among other things, marketing, distributing, selling, offering for sale, making, and/or using infringing products, including Samsung smartphones . . . with the Auto Framing feature of the native camera application and/or the preinstalled Google Meet application," and then EyesMatch identifies claim 1 of the '110 patent as allegedly infringed.

30.    Claim 1 of the '110 patent recites:

> A computerized method for operating a display system, the display system having a camera, a monitor, and a processor, the method comprising:
>
> operating the camera to generate a stream of images of the user;
>
> operating the processor to detect the presence of the user in the stream of images;
>
> operating the processor to apply adaptive transformation mapping to the stream of images captured by the camera to generate modified images that appear to be captured from a different point of view of the camera's actual point of view; and,
>
> displaying the modified images on the monitor;
>
> wherein the different point of view corresponds to an image taken from a different angle and a different distance than the actual images captured by the camera; and
>
> wherein during mirror tracking mode the processor utilizes the angle of the images captured by the camera and applies parametric input for a

- 8 -
COMPLAINT FOR DECLARATORY JUDGMENT

mapping transformation that changes imaging perspective of the images captured by the camera.

31.     The Google Meet application does not infringe claim 1 of the '110 patent because it does not practice every limitation required by claim 1.  Claim 1 is the only independent claim, and therefore, Google does not practice any claims of the '110 patent.  For example, claim 1 requires that the method "generate modified images that appear to be captured from a different point of view of the camera's actual point of view . . . wherein the different point of view corresponds to an image taken from a different angle and a different distance than the actual images captured by the camera." Google does not perform this step of the '110 patent either literally or under the doctrine of equivalents.  Specifically, the accused auto-framing functionality does not generate a modified image at a different angle than the actual image captured by the camera.  Instead, the modified image has the same angle as the actual image captured by the camera.  The modified image never has a different point of view based on a different angle.

32.     Google, including its Google Meet application, has not infringed and does not infringe any claims of the '110 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents.  Google does not induce infringement of the '110 patent claims for at least the reasons stated above with respect to no underlying direct infringement of the '110 patent, and because Google has not acted with specific intent necessary for induced infringement.  Google does not contributorily infringe the claims of the '110 patent for at least the reasons stated above with respect to no underlying direct infringement of the '110 patent, and because Google has not acted with specific knowledge of infringement..

33.     As set forth above, there exists an actual controversy between Google and EyesMatch with respect to alleged infringement of the '110 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights regarding the claims of the '110 patent.

34.     Google seeks a judicial determination that Google has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the '110 patent.

COMPLAINT FOR DECLARATORY JUDGMENT

**PRAYER FOR RELIEF**

WHEREFORE, Google respectfully requests that judgment be entered:

A.    Declaring that Google does not infringe, either directly, contributorily, or by inducement, any claim of the Patents-in-Suit;

B.    Declaring that judgment be entered in favor of Google and against EyesMatch on each of Google's claims;

C.    Finding this to be an exceptional case under 35 U.S.C. § 285;

D.    Awarding Google its attorneys' fees and costs in connection with this action; and

E.    Awarding Google any other remedy or relief that the Court deems just and proper.

**JURY DEMAND**

Google demands a trial by jury on all claims and issues so triable.

Dated:  March 31, 2025                    Respectfully Submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Ryan J. Casamiquela*
      Ryan J. Casamiquela

      Attorneys for Plaintiff
      GOOGLE LLC

COMPLAINT FOR DECLARATORY JUDGMENT